# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL S. WATKINS, | : | Civil No. 3:16-cv-1563 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| MARY SABOL, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Al Watkins, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, in York, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention by ICE pending removal. (Doc. 1). Petitioner seeks immediate release, or a hearing before an Immigration Judge. (*Id.* at p. 4). For the reasons set forth below, the Court will grant the petition and order that an Immigration Judge conduct an individualized bond hearing within fourteen (14) days of the accompanying order.

I. **Background**

On November 29, 2001, Petitioner, a native and citizen of Jamaica, was admitted to the United States as a lawful permanent resident. (Doc. 6-1, pp. 5-6).

Petitioner's criminal history dates back to 2007 and includes charges of assault, reckless endangerment, resisting law enforcement officers, theft, and robbery involving the

infliction of serious bodily injury on another individual. (Doc. 6-1, p. 8).

On May 8, 2015, Petitioner pled guilty in the Philadelphia County Court of Common Pleas to manufacturing, delivery, or possession with intent to manufacture or deliver a controlled substance, and conspiracy to posses with intent to manufacture or deliver a controlled substance. (Doc. 6-1, p. 5). *See also Commonwealth v. Watkins*, CP-51-CR-0012885-2013 (Philadelphia Cty. Ct. Com. Pl.).[1] Petitioner was sentenced to a seven year term of probation to run concurrent with a previous conviction and sentence on March 16, 2015. (*Id.*).

On January 5, 2016, based on Petitioner's conviction, ICE commenced removal proceedings charging him as removable from the United States pursuant to sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") for being convicted of drug trafficking offenses based on his guilty plea to possession of 157 pounds of marijuana. (Doc. 6-1, pp. 8-9). Petitioner argued to the Immigration Judge that his conviction was not a removable drug trafficking offense because the charging criminal information did not state the exact amount of marijuana found in his possession. (Doc. 6-1, pp. 11-13). The Immigration Judge noted that the criminal information charged Petitioner with possession with intent to deliver 50 to 1,000 pounds of marijuana. (*Id.*). The

---

[1] The Court takes judicial notice of the docket sheet in *Commonwealth v. Watkins*, No. CP-51-CR-0012885-2013, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

Immigration Judge determined that under the "least culpable misconduct" analysis, possession of even 50 pounds of marijuana is a removable offense because it far exceeds an amount an individual would possess for personal use. (*Id.*).

On May 5, 2016, Petitioner was charged with being subject to removal. (Doc. 6-1, pp. 11-14, Order of the Immigration Judge). On May 31, 2016, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). (Doc. 6-1, p. 16). The May 31, 2016 appeal remains pending. (Doc. 17-1, p. 2, ¶ 3; Doc. 18).

On December 8, 2016, Petitioner submitted a letter to ICE stating that his 83 year old mother was diagnosed with stage four cancer and was admitted to a nursing home in Brooklyn, New York. (Doc. 17-1, p. 2, ¶ 4). He requested release to visit his mother. (*Id.*). Immigration officials denied Petitioner's request for release based on his violent criminal history. (Doc. 17-1, p. 2, ¶ 5). Immigration officials considered granting Petitioner a "terminally-ill visit" with his mother in Brooklyn. (Doc. 17-1, p. 3, ¶ 8). However, immigration officials ultimately denied the visit due to operational constraints and safety concerns. (Doc. 17-1, p. 3, ¶¶ 9-11).

## II. Discussion

Petitioner argues that he has been detained under 8 U.S.C. § 1226(c) for an unreasonable amount of time in violation of the Due Process Clause of the Fifth Amendment and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011). (Doc.

3

1). Respondent contends that Petitioner's detention is lawful and any delay in his immigration proceedings is directly attributable to his dilatory tactics in raising a meritless challenge to his removability, and appealing those same issues. (Doc. 6, pp. 3-7; Doc. 17, pp. 4-6). Respondent further argues that a bond hearing is not warranted. (*Id.*).

This Court has jurisdiction over the habeas petition and Petitioner's claims challenging his prolonged pre-final order detention by ICE at the York County Prison as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, this Court notes that Petitioner is not subject to a final order of removal, as the immigration proceedings remain pending. Thus, this Court must address whether Petitioner is entitled to habeas relief in the nature of his release from the York County Prison pending the outcome of his immigration proceedings, or whether he is entitled to an individualized bond hearing.

Following Petitioner's 2015 conviction, there was a clear legal basis for ICE to detain him pending the outcome of removal proceedings. Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). Prior to a final removal order, an alien must be detained without being afforded a bond hearing. 8 U.S.C. § 1226(c). However, this "mandatory

4

detention" provision has limits. See Diop, 656 F.3d at 232. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in Demore v. Kim, et al., 538 U.S. 510, 532 (2003), emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. Diop, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id.

Petitioner has been detained by ICE since January 5, 2016, more than fifteen (15) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." Hernandez v. Sabol, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). As stated, section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. See Diop, 656 F.3d at 231. Thus, the Court will direct that Petitioner be granted a bond hearing to ascertain whether the

immigration court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. *See Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following *Diop*, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. *See Gupta v. Sabol*, 2011 WL 3897964, *1 (M.D. Pa. 2011). The *Gupta* Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." *Id.* at *2. Thus, although this Court declines to grant the outright release of Petitioner in advance of a bond hearing, Petitioner's detention does require a bond hearing. At the bond hearing, the Immigration Judge shall also consider Petitioner's request for a terminally-ill visit with his mother.

A separate order shall issue.

Date: April 24, 2017

Robert D. Mariani
United States District Judge

6